UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VARIAN MALICK PARKS, | ) | CASE NO. 5: 09 CV 2293 |
| | ) | (5: 06 CR 0048) |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

This matter is before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 126.) The Government has filed a brief in opposition to the motion and Petitioner has filed a reply. For the reasons stated below, Petitioner's motion is denied.

**I. Background**

On February 7, 2006, a federal grand jury returned a three-count indictment against Petitioner and co-defendant, Marcus J. Lige, in connection with an August 3, 2005 bank robbery in Canton, Ohio. The indictment charged Petitioner with violating: 18 U.S.C. §§ 2113(a) and 2 (bank robbery and aiding and abetting bank robbery, count 1); 18 U.S.C. § 1038(a)(1) (false information and hoaxes, count 2); and 18 U.S.C. § 844(e) (use of a telephone number to communicate false information, count 3).

A jury trial commenced on April 19, 2006 as to Petitioner and Lige. On May 2, 2006, the jury found Petitioner guilty of count 1 and not guilty of counts 2 and 3. Lige was not charged in count 1 but was found guilty of counts 2 and 3.

1

On August 3, 2006, Petitioner was sentenced to a term of 87 months incarceration to be served consecutive to a sentence of 12 months incarceration for violating his supervised release, which he was serving for a 51 month terms of incarceration for a prior bank robbery.

Petitioner appealed his conviction.  On May 16, 2008, the Sixth Circuit affirmed Petitioner's conviction and sentence.  *United States v. Parks*, No. 06-4218, 2008 WL 2091427 (6th Cir. May 16, 2008) (unpublished).  The Court of Appeals held:  (1) denial of Petitioner's request for severance of trial from his co-defendant's trial did not deprive Petitioner of a fair trial; (2) removal for cause of a prospective juror who was racist and felt he could not be fair to prosecution was not an abuse of discretion; (3) probative value of video recording of Petitioner being stopped for speeding was not substantially outweighed by danger of unfair prejudice; (4) any violation of Petitioner's Sixth Amendment right of confrontation with respect to admission of grand jury testimony of owner of getaway car was harmless; (5) the evidence was sufficient to support conviction; (6) denial of motion to dismiss indictment based on getaway car owner's pretrial recantation of grand jury testimony was not abuse of discretion; and (7) failure to recite aiding and abetting language in the indictment did not violate the Fifth Amendment.

**II. Standard of Review**

"Under 28 U.S.C. § 2255, '[a] prisoner in custody under sentence of a [federal] court . . . claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.'  In order to prevail upon a § 2255 motion, the movant must allege as a basis for relief: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'"  *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)

(quoting *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001)). The movant has the burden of establishing any claim asserted in the petition. *Thomas v. United States*, 490 F.Supp.2d 865, 866 (N.D. Oh. 2007).

**III. Analysis**

Petitioner contends his motion to vacate, set aside or correct sentence should be granted on the basis of ineffective assistance of his counsel. In the alternative, Petitioner seeks an evidentiary hearing.

In order to establish a claim of ineffective assistance of counsel, Petitioner must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner must establish that his counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that but for counsel's deficiency, the outcome of the proceedings would have been different. *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003). A review of counsel's performance must be highly deferential and requires courts to "indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002).

Petitioner argues that his counsel was ineffective in failing to: (1) object to the "government's refusal to turn over valuable evidence"; (2) object to the testimony of Lakisha Ruffin, which Petitioner contends violated his right to confrontation under the Confrontation Clause; (3) contest and challenge the indictment before the grand jury; and (4) raise the issue of immunized testimony.

Petitioner has not demonstrated a viable constitutional claim of ineffective assistance of counsel.

First, Petitioner provides no support for his bare assertion that the Government's refusal to turn over valuable evidence "is clearly established in the records before the district court." Petitioner fails to specify or otherwise identify any evidence the Government allegedly failed to turn over. Having failed to identify any evidence, Petitioner has failed to meet his burden of establishing that his counsel was ineffective in failing to object to a refusal by the Government to turn over evidence.

The Sixth Circuit addressed Petitioner's contention that the Court's admission at trial of Lakisha Ruffin's prior grand jury testimony (which was read into the record after Ruffin refused to testify at trial) violated Petitioner's right to confrontation. The Sixth Circuit found that any violation of the Confrontation Clause caused by allowing Ruffin's testimony was harmless because other evidence independent of Ruffin's testimony established the facts for which Ruffin's grand jury testimony was offered. The Sixth Circuit stated:

> Ruffin's testimony to the grand jury was used to demonstrate that she received a call from [Petitioner] at 10:57 a.m. on the morning of the robbery, and that she reported her car stolen five minutes later. Because submitted phone records and testimony from a police officer established both of these facts, the jury was informed of [Petitioner's] communications with Ruffin independent of the grand jury testimony. Therefore, any possible *Crawford* violation stemming from the use [of] Ruffin's previous statements was harmless and [Petitioner's] conviction should not be reversed.

*Parks*, 2008 WL 2091427, at * 7.[1]

The Government contends Petitioner's claim that his counsel was ineffective for failing to object to Ruffin's testimony cannot satisfy *Strickland*'s requirement of prejudice. The

---

[1] *Crawford v. Washington*, 541 U.S. 36 (2004) bars testimonial hearsay under the Confrontation Clause unless the witness is unavailable and defendants had a prior opportunity for cross examination.

Government argues Petitioner cannot demonstrate that the results of the trial proceeding would have been different had counsel objected to Ruffin's testimony since there was other evidence relating to the same issues established by Ruffin's testimony.

The Court agrees.  Petitioner has not demonstrated that the results his trial proceeding would have been different had his counsel objected to Ruffin's testimony.  Petitioner argues that Ruffin's testimony was prejudicial and inflammatory.  However, the Sixth Circuit found that any error in allowing Ruffin's testimony to be read to the jury was harmless because other evidence presented at trial provided the same information as Ruffin's testimony.  Counsel's performance in failing to object to Ruffin's testimony does not satisfy *Strickland*.

Petitioner next argues that his counsel failed "to contest and challenge the indictment before the grand jury."  He contends his counsel "failed to state factual grounds why the indictment should be dismissed."  Petitioner offers no explanation as to why his counsel's failure to contest and challenge the indictment before the grand jury constitutes ineffective assistance of counsel under the *Strickland* standard.  He simply argues that "[a]ll the evidence before the grand jury was in the nature of hearsay" and that "[i]f [the] indictment were to be open to challenge on the ground that there was inadequate or incompetent evidence before the grand jury, petitioner Parks would benefit significantly."  (Mot. at 11.)  These conclusory statements are insufficient to demonstrate ineffective assistance of counsel.

Furthermore, the Sixth Circuit rejected Petitioner's argument on appeal that the Court improperly failed to dismiss the indictment after Ruffin refused to testify at trial.  The Court cited a collection of reasons:  "(1) the prosecution presented evidence undermining Ms. Ruffin's affidavit [recanting her testimony before the grand jury]; (2) [Petitioner] failed to submit his

5

motion [to dismiss the indictment] pre-trial; (3) other evidence corroborated Ruffin's earlier testimony; and (4) . . . the jury convicted [Petitioner]." The Sixth Circuit reasoned:

> A motion for dismissal of indictment may require examination of whether the misconduct had the potential to affect the trial. Here, at trial, the prosecution provided significant evidence to question the credibility of [Ruffin's] affidavit, including phone records independently corroborating Ruffin's grand jury testimony. The jury returned a guilty verdict based on the body of evidence presented at trial.
>
> The Supreme Court has held that any error before the grand jury is cured by a guilty verdict at trial. As the Court stated:
>
> We express no opinion as to what remedy may be appropriate for a violation of Rule 6(d) that has affected the grand jury's charging decision and is brought to the attention of the trial court before the commencement of trial. We hold only that however diligent the defendants may have been in seeking to discover the basis for a violation of Rule 6(d), the petit jury's verdict rendered harmless any conceivable error in the charging decision that might have flowed from the violation. In such a case, the societal costs of retrial after a jury verdict of guilty are far too substantial to justify setting aside the verdict simply because of an error in the earlier grand jury proceedings.

*Parks*, 2008 WL 2091427 at **9 (quoting *United States v. Mechanik*, 475 U.S. 66, 72-73 (1986)). This reasoning by the Sixth Circuit demonstrates that Petitioner's counsel's failure to object to the indictment, standing alone, did not give rise to an error of constitutional magnitude. As the Sixth Circuit determined, the jury's verdict rendered any error harmless. Petitioner's third ground for relief lacks merit.

Finally, Petitioner argues that his counsel was ineffective in failing to raise the issue of the "immunized testimony of Lakisha Ruffin." Petitioner contends that "the federal immunity provision of 18 U.S.C. § 6002, provides that testimony given by a witness under order of immunity may not be used against the witness in a criminal case, except for perjury in that

6

testimony."  (Pet. at 13.)[2]

However, as the Government correctly points out, it is Lakisha Ruffin, not Petitioner, who receives the benefit of the immunity provided in 18 U.S.C. § 6002.  Petitioner's counsel was not ineffective in failing to raise the issue of the immunized testimony of Lakisha Ruffin on Petitioner's behalf.

Petitioner's alternative request for an evidentiary hearing is also denied.  In regard to an evidentiary hearing, the Sixth Circuit has explained:

> The district court should always consider the importance of a hearing in light of what the proper resolution of a particular case requires.  *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993).  If the record includes a factual dispute, the district court "must hold a hearing to determine the truth of [petitioner's] claims." *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999).  Petitioner is not entitled to a hearing, however, "if the files and records of the case conclusively show that he is not entitled to relief."  *Green v. United States*, 65 F.3d 546, 548 (6th Cir. 1995).

*Ross v. United States*, 339 F.3d 483, 490 (6th Cir. 2003).

Petitioner has not demonstrated that any factual dispute exists, and the files and records of the case conclusively show that he is not entitled to relief under 28 U.S.C. § 2255.

**IV.  Conclusion**

For all of the reasons stated above, Petitioner has failed to show ineffective assistance of counsel.  Accordingly, Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 is denied.

---

[2] The immunity statute provides: Whenever a witness refuses, on the basis of his privilege of self-incrimination, to testify or provide other information in a proceeding . . . and the person presiding over the proceeding communicates to the witness an order issued under this title, . . . no testimony or other information compelled under the order . . . may be used against the witness . . . ."  18 U.S.C. § 6002.

7

Further, the Court declines to issue a certificate of appealability. A certificate of appealability may issue where a movant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires a movant to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

As discussed above, Petitioner has not made a substantial showing of the denial of a constitutional right. The Court does not believe this determination is debatable or wrong.

IT IS SO ORDERED.

Date: April 28, 2010             */s/ John R. Adams*
                                 JOHN R. ADAMS
                                 United States District Judge